# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT JACKSON
## May 2000 Session

## STATE OF TENNESSEE v. JARVIS LOVERSON

**Appeal as of Right from the Criminal Court for Shelby County**
**No. 98-04583-4     Joseph Dailey, Judge**

---

### No. W1999-01750-CCA-R3-CD - Filed October 23, 2000

---

A Shelby County jury convicted the appellant, Jarvis Loverson, of one (1) count of theft of property over $1,000, a Class D felony, and one (1) count of attempted theft of property over $10,000, a Class D felony. The trial court sentenced the appellant as a Range II offender to consecutive terms of twelve (12) years for each offense. On appeal, the appellant contends that the evidence is insufficient to sustain his convictions for theft of property and attempted theft of property. After thoroughly reviewing the record before this Court, we conclude that the state failed to present any evidence regarding the value of the subject property. As a result, the appellant's conviction for theft of property over $1,000 is modified to theft of property valued at $500 or less, and his conviction for attempted theft of property over $10,000 is modified to attempted theft of property with a value of $500 or less.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court of Shelby County is Modified and Remanded.**

JERRY SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Charles E. Waldman, Memphis, Tennessee, attorney for the Appellant, Jarvis Loverson.

Paul G. Summers, Attorney General and Reporter, Mark E. Davidson, Assistant Attorney General, and William L. Gibbons, District Attorney General and Dan Byer, Assistant District Attorney, attorneys for the Appellee, State of Tennessee.

## OPINION

### I.

At approximately 10 p.m. on November 13, 1997, Cindy Lemmons was driving towards her home on Flint Street in Shelby County when she noticed a man inside the van belonging to her

neighbor, Jimmy Morris. The door to the van was open, and the man inside was leaning over the steering wheel. Ms. Lemmons observed two (2) other men standing beside the passenger door, and a white car was parked across the street. Lemmons continued to observe the men as she pulled her vehicle into the driveway of her home. She then went inside her home and called Mr. Morris to inform him that someone was inside his vehicle. Lemmons walked back outside, but the three (3) men had disappeared.

Shortly thereafter, the police arrived on the scene pursuant to a call made by another neighbor, Vicki Edwards. Edwards heard a motor vehicle running outside of her window, and when she looked outside to investigate, she observed the suspicious activity and notified the law enforcement authorities. Soon after Lemmons drove into her driveway, Edwards watched the men abandon the van and then get into the white car. Suddenly, the men jumped out of the car and ran away in different directions.

After the police arrived, Lemmons looked into the van and saw a screwdriver shoved into the steering column.

Detective William Youngman and Officer Frederick Otts were two of the officers who responded to the scene. Upon arriving, Youngman saw three (3) individuals fitting the suspects' descriptions. The officer followed them and was able to catch up with them as they climbed over a fence. Although two (2) of the suspects were able to elude the officer,[1] the appellant was ultimately captured by the combined efforts of Officer Otts and Detective Youngman.

Officers discovered that the white car which was parked across the street from the van belonged to Martha Hodges. Hodges had reported her vehicle stolen after the vehicle disappeared during the night of November 4, 1997. When Hodges later reacquired her vehicle, she observed damage to her automobile. In particular, she noticed that the vehicle's steering column was broken.

Ricardo Dale and Deverance Bledsoe, the other men involved in the incident, testified for the state at trial. Both men had previously pled guilty to one (1) count of theft of property over $1,000 and one (1) count of attempted theft of property over $10,000. Both testified that they had been riding around in a white vehicle when the car ran out of gas. Although Dale could not recall "nothing [sic] about the van," Bledsoe acknowledged that Dale was attempting to steal the van prior to the arrival of police. Bledsoe testified that he and the appellant watched to ensure that no one saw them breaking into the van.

The jury convicted the appellant of one (1) count of theft of property, the Hodges' automobile, with a value over $1,000, and one (1) count of attempted theft of property, the Morris' van, with a value over $10,000. The trial court sentenced the appellant as a Range II offender to consecutive terms of twelve (12) years for each offense. From his convictions, the appellant now brings this appeal.

## II.

In his sole issue on appeal, the appellant challenges the sufficiency of the evidence. Specifically, he argues that the evidence presented at trial did not establish that he had knowledge (1) that the Hodges' vehicle was stolen; and (2) that Dale was attempting to steal the Morris' van. Thus, he claims that the state failed to present sufficient evidence that he possessed the requisite criminal intent for the offenses of theft of property and attempted theft of property.

---

[1] The other suspects, Ricardo Dale and Deverance Bledsoe, were eventually captured by other officers.

**A.**

When an appellant challenges the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992).

On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. State v. Bigbee, 885 S.W.2d at 803; State v. Harris, 839 S.W.2d at 75. This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

**B.**

The appellant contends that the state failed to present sufficient evidence that he knowingly obtained or exercised control over Mrs. Hodges' vehicle. He argues that there is no evidence in the record that he actually took the vehicle or that he knew that the vehicle had been stolen. We disagree.

"A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103.

The appellant and his accomplices were seen in the Hodges' vehicle shortly prior to their arrest on November 13. Mrs. Hodges testified at trial that she reported the vehicle stolen after the automobile disappeared during the night of November 4-5. She stated that when she re-obtained her vehicle several weeks later, the steering column on the vehicle had been broken.

Moreover, Ricardo Dale testified that the appellant was driving the Hodges' vehicle on the night of November 13, and he further stated that he had seen the appellant driving the car "once or twice" on prior occasions. It is well-established that possession of recently stolen goods "gives rise to an inference that the possessor has stolen them." State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995). There is sufficient evidence in the record for a rational juror to conclude that either the appellant took the Hodges' vehicle or knowingly exercised control over the stolen property. Therefore, the evidence is sufficient to sustain the jury's finding that the appellant is guilty of theft of property.

**C.**

The appellant also claims that the state failed to present sufficient evidence that he attempted to steal the Morris' van. He alleges that he merely stood on the street while his accomplice, Ricardo Dale, attempted to steal the van. Thus, he asserts that the record does not demonstrate that he intended to take the van as required by the criminal attempt statute.

"A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense . . . [a]cts with intent to complete a course of action or cause a result that

-3-

would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense." Tenn. Code Ann. § 39-12-101(a)(3). The evidence at trial showed that the appellant and Bledsoe stood outside the Morris' van while Dale attempted to steal the van. Indeed, the appellant concedes in his brief that he was "standing on the corner while [Dale] attempted to steal the red van." Furthermore, Bledsoe testified that he and the appellant were watching to make sure that no one saw them stealing the van.[2] Additionally, after the appellant and his accomplices fled the scene, Lemmons peered inside the van and saw a screwdriver shoved into the steering column. Although the appellant contends that there is no evidence in the record establishing his intent to commit a theft, a trier of fact may infer the element of intent from circumstantial evidence. State v. Chrisman, 885 S.W.2d 834, 838 (Tenn. Crim. App. 1994). The evidence is clearly sufficient to support the jury's finding of guilt for the attempted theft of the van.

## D.

Although not raised by the appellant, this Court notes that the state failed to present any evidence regarding the value of the Hodges' vehicle or the value of the Morris' van. The value of the property taken is an element of the offense of theft. *See* State v. Mike Wayne Tate, C.C.A. No. 03C01-9204-CR-127, 1993 Tenn. Crim. App. LEXIS 146, at *3, Bradley County (Tenn. Crim. App. filed March 4, 1993, at Knoxville); Tenn. Code Ann. § 39-14-105. Thus, because the state presented no proof regarding the value of the subject property, his convictions for theft of property over $1,000 and attempted theft of property over $10,000 may not stand.[3] While this Court may not presume the range of value of either vehicle, we can assume that each vehicle has a monetary value over zero. As a result, the appellant's conviction for theft of property must be modified to theft of property valued at $500 or less, a Class A misdemeanor. Tenn. Code Ann. § 39-14-105(1). Additionally, the appellant's conviction for attempted theft is modified to attempted theft of property valued at $500 or less, a Class B misdemeanor. Tenn. Code Ann. § 39-12-107(a); 39-14-105(1).

## III.

After a thorough review of the record before this Court, we hold that the evidence is sufficient to sustain the appellant's convictions for theft of property and attempted theft of property. However, because the state failed to present adequate evidence regarding the value of the subject property, the appellant's conviction for theft of property over $1,000 is modified to theft of property valued at $500 or less, and his conviction for attempted theft of property over $10,000 is modified

---

[2] The jury was properly charged regarding criminal responsibility of another.

[3] The state concedes that the evidence is insufficient to sustain the appellant's conviction for attempted theft of property over $10,000 due to the failure to present any proof regarding the property's value, but argues that the evidence is sufficient to sustain the appellant's conviction for theft of property over $1,000. Essentially the State asks us to take judicial notice that a 1991 Chrysler New Yorker has a value in excess of $1,000. Because the value of a given automobile may vary widely due to the relative condition of the vehicle, this is not the type of fact of which we may take judicial notice. See, Tenn. R. Evid, 201.

to attempted theft of property with a value of $500 or less.  This case is remanded to the trial court for resentencing with respect to these misdemeanor convictions.

_____

JERRY L. SMITH, JUDGE